IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RICHARD GUERRERO<br><br>Plaintiff,<br><br>-against-<br><br>THE CITY OF NEW YORK and DOES 1-10,<br><br>Defendants. | Ind. No 12 Civ. 2916 (RWS)<br><br>**SECOND AMENDED COMPLAINT AND JURY DEMAND** |

Plaintiff Richard Guerrero, by his attorney, John M. Lambros, respectfully alleges as follows:

### NATURE OF THE ACTION

1.  This action arises from the deprivation of Plaintiff's rights guaranteed to him under the First, Fourth, and Fourteenth Amendments of the United States Constitution, 42 U.S.C. §§ 1983 and 1988, the statutory and common laws of New York State, and the New York State Constitution.

### JURISDICTION

2.  This Court has jurisdiction over this action under 28 U.S.C. §§ 1331, 1343, and 1367.

3.  Venue is proper under 28 U.S.C. § 1391(b) because the allegations contained in this Complaint arose in New York County, New York.

## PARTIES

4.     Plaintiff resides in New York, New York.

5.     Defendant the City of New York is a municipality existing under the laws of New York State.

6.     Defendants Does 1 through 10 are yet-to-be identified individuals employed by the NYPD and are sued in their individual, official, and supervisory capacities.

7.     At all times hereinafter mentioned, the individual defendants, either personally or through their agents, were acting within the scope of their employment and under color of state law and/or in compliance with and in furtherance of the official rules, regulations, laws, customs, usages and/or practices of the City of New York and the NYPD. All of the acts of NYPD officers complained of herein were committed by one or more of the aforementioned defendants. Plaintiff is presently without sufficient knowledge or information to particularize the specific acts of individual defendants.

## FACTS

8.     On or around December 10, 2010, Plaintiff went to a nightclub called Pacha, which is located on 47th Street between 10th and 11th Avenues. While he was at the bar, two individuals grabbed him, took him to the back of the club, and searched and manhandled him. They informed him that if he gave them his money, they would not call the police. Having done nothing, Mr. Guerrero kept asking them to call the police. Finally, the police were called. One of the officers was named "Whale." Mr. Guerrero explained that the individuals were trying to steal his money. Despite the fact that Mr.

2

Guerrero was a complaining witness, the police, to Mr. Guererro's astonishment, threw Mr. Guererro into the back of the car, applied the handcuffs in an excruciatingly tight manner, which resulted in swelling and contusions to Plaintiff's wrists, and took him to the precinct. The police made no effort to determine whether Plaintiff was telling the truth, despite the fact that they had reason to doubt the individuals' story. Mr. Guererro's wife and mother hired a private attorney to fight the case for almost one year. The case was ultimately dismissed. Plaintiff is informed and believes that the officers' assault and arrest of Plaintiff was Constitutionally insufficient, particularly when Mr. Guerrero possessed no contraband and the officers conducted no investigation whatsoever.

9. On or about July 21, 20100, Richard Guerrero was admitted into Elmhurst Hospital due to an unintentional accident at a friend's home in Jackson Heights. Plaintiff was brought to the emergency room where his life was saved. Plaintiff remained in intensive care in the hospital for two and one half days of observation. Plaintiff was discharged during the afternoon of July 23, 2011.

10. On July 25, Plaintiff was attending a court appointment in Queens County Court. After the case ended, Plaintiff was exiting the courtroom when two plainclothes officers approached Plaintiff in a violent manner. Plaintiff was physically abused and embarrassed in front of his mother, who broke down in tears and had a panic attack. The officers threatened Plaintiff and threw him around like a toy. Plaintiff was repeatedly struck against the walls and ground, even though he offered no resistance. Plaintiff suffered significant contusions and swelling. The police officers claimed that on July 22nd, at 108th street and 53rd avenue, at 5:30 in the morning, Plaintiff and two other individuals had beaten a traffic agent over a parking ticket. Plaintiff, however, repeatedly informed the officers that he was in intensive care at the time of the assault on the

parking agent. The officers carried Plaintiff out in handcuffs and violently threw him into the back of their vehicle, which exacerbated the extreme pain that he was already feeling. The officers took Plaintiff to the 110th Precinct and said that Plaintiff had hurt one of their own. At the station, Plaintiff repeatedly informed the officers that he could not have been the assailant because he was in intensive care. He offered to furnish proof of this to the officers. Despite reason to doubt the identification of Plaintiff, the officers nevertheless persisted that Plaintiff was responsible for the assault of an NYPD traffic agent. Plaintiff is informed and believes that the officers who arrested him were acting in bad faith. Plaintiff is further informed and believes that there was no good faith line-up or show-up during which Plaintiff was identified by the parking agent. Instead, Plaintiff is informed and believes that the officers were settling a personal vendetta against the Plaintiff. Plaintiff was subsequently processed through Central Booking. The judge reviewed the records and dismissed the case.

## FIRST CAUSE OF ACTION

(42 U.S.C. § 1983)

11.     Plaintiff repeats and realleges the allegations contained in all of the preceding paragraphs as though fully set forth herein.

12.     As a result of defendants' individual and collective acts, Plaintiff was unlawfully detained, searched, maliciously prosecuted, and subjected to excessive force in violation of his civil rights under the Fourth and Fourteenth Amendments to the United States Constitution and in violation of his rights under the statutory and common laws of New York State and the New York State Constitution.

13.     Plaintiff suffered injuries due to defendants' deliberate indifference to Plaintiff's rights under the United States Constitution, the statutory and common

laws of New York State, and the New York State Constitution. Specifically, the City failed to adequately train, supervise, and/or discipline members of the police department and said indifference resulted in the violation of Plaintiff's rights under the United States Constitution, the statutory and common laws of New York State, and the New York State Constitution.

14. Plaintiff was injured by defendants because their acts were perpetrated based on custom, usage, patterns, and policies instituted by the municipal policymakers and resulting in violations of Plaintiff's civil rights under the United States Constitution, the statutory and common laws of New York State, and the New York State Constitution.

15. Specifically, reviewing the totality of the circumstances, the individual defendants' decisions to search, seize, and maliciously prosecute Plaintiff lacked any legal justification. The defendant officers acted in accordance with with the City's consistent and widespread practice of failing to train officers to use reasonable force and to consider the accounts of all witnesses to an incident, as opposed to arresting the first person they encounter. Moreover, it is the City's consistent and widespread practice not to discipline officers who use excessive force or falsely arrest citizens.

16. The City's training and supervision policies were (and continue to be) constitutionally inadequate. The City deliberately provides officers with no incentive to avoid Constitutional violations, a policy that harmed Plaintiff in this case.

17. The force used against Plaintiff was gratuitous and unnecessary to arrest the non-resisting Plaintiff. Plaintiff suffered swelling and contusions from the

excessive force. Defendants intended to confine Plaintiff, Plaintiff, who did not consent, was aware that he was confined, and defendants were not privileged.

18.     Plaintiff was also injured because the defendants failed to intervene to stop the illegal acts perpetrated against Plaintiff and conspired against Plaintiff, and, as a result, violated Plaintiff's rights under the United States Constitution, the statutory and common laws of New York State, and the New York State Constitution. Here, not one of the numerous officers at the scene intervened to stop the treatment of Plaintiff. Because New York City has notice of, but has repeatedly failed to make any meaningful investigation into, charges that its employees were violating citizens' constitutional rights, it is further exposed to *Monnell* liability.

19.     Damages from the search and seizure of Plaintiff, coupled with the use of excessive force used against him, which were in violation of the Fourth Amendment, are presumed. Where the plaintiff, as here, was indisputably deprived of his liberty, and the conduct of the defendant responsible for the deprivation is unlawful (*e.g.*, excessive force, malicious prosecution, and false arrest), the plaintiff is entitled to not merely nominal, but compensatory damages.[1]

20.     Because there is Constitutional injury—*i.e.*, excessive force, unlawful search, and seizure, malicious prosecution, and false arrest—and there is no genuine dispute that the violation resulted in injury to the plaintiff, the plaintiff is entitled to an award of compensatory damages as a matter of law, which are to be determined by a jury.[2]

---

[1] *See Kerman v. City of New York*, 374 F.3d 93 (2nd Cir. 2004).

[2] *Id.*

21.   Plaintiff also seeks damages for emotional distress—namely anxiety, which resulted from the two false arrests—and humiliation, economic damages, and punitive damages to be determined by a jury. Plaintiff also seeks attorneys' fees.

**WHEREFORE,** Plaintiff demands judgment against the defendants individually and collectively for the following:

a)   Compensatory damages to be determined by a jury for pain and suffering, mental anguish, and deprivation of liberty;

b)   Punitive damages to be determined by a jury for defendants' intentional, reckless, outrageous and illegal conduct;

c)   Reasonable attorneys' fees and costs;

d)   Economic damages;

e)   Injunctive and declaratory relief; and

f)   Such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff respectfully demands a trial by jury for all issues pursuant to Fed. R. Civ. P. 38(b).

Dated: New York, NY
       March 13, 2013

LAW OFFICE OF JOHN M. LAMBROS

By: /s/ John Lambros

John M. Lambros (JL1265)
40 Wall Street, 28th Floor
New York, NY  10005
Telephone: (212) 430-6474
Facsimile: (212) 208-2933
John@Lambroslawfirm.com