UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

RICHARD GUERRERO,

                Plaintiff,                    12 Civ. 2916

    -against-                         OPINION

CITY OF NEW YORK and DOES 1-10,

                Defendant.

------------------------------------X

A P P E A R A N C E S:

        Attorney for Plaintiff

        JOHN M. LAMBROS, ESQ.
        40 Wall Street, Suite 2809
        New York, NY 10005


        Attorney for Defendant

        MICHAEL A. CARDOZO
        Corporation Counsel of the
          City of New York
        100 Church Street
        New York, NY 10007
        By:  Uriel B. Abt, Esq.

Sweet, D.J.

Defendant City of New York (the "City" or the "Defendant") has moved pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss the Second Amended Complaint ("SAC") of plaintiff Richard Guerrero ("Guerrero" or the "Plaintiff"). Upon the conclusions set forth below, the City's motion is granted and the SAC is dismissed with prejudice.

Prior Proceedings

On April 4, 2012, the Plaintiff filed the instant lawsuit against the City alleging various state and federal claims arising out of an arrest that occurred on December 10, 2010. On July 23, 2012, Plaintiff filed an Amended Complaint ("FAC"). The FAC was similar to the original complaint except that, in addition to the December 10, 2010 arrest, it alleged an unrelated and factually distinct second arrest that occurred on July 25, 2011. The City moved to dismiss the FAC on the following grounds: (i) that the Plaintiff had not sufficiently plead a policy or custom of the City of New York for purposes of establishing liability pursuant to Monell v. Dept' of Soc. Servs., 436 U.S. 658 (1978); (ii) that the Plaintiff had not sufficiently plead any underlying constitutional violations; and

1

(iii) that any state law claims were barred by Plaintiff's
failure to timely comply with New York State's notice of claim
requirements. This Court granted Defendant's motion in its
entirety but granted Plaintiff leave to re-plead. Guerrero v.
City of New York, 2013 WL 673872, at *6 (S.D.N.Y. Feb. 21, 2013)
(the "February 21 Opinion").

On March 13, 2013, Plaintiff filed the SAC. The SAC
contains a few additional allegations but is largely the same as
the FAC, although it no longer asserts any state law claims.

The SAC alleges that Plaintiff was involved in two
discrete incidents that are violations of 42 U.S.C. § 1983. The
first incident occurred on December 10, 2010, where Plaintiff
was involved in an altercation in a night club. SAC ¶ 8.
Plaintiff alleges that as a result of the altercation, the
police were called, and Plaintiff was ultimately arrested by the
police (referred to hereinafter as the "First Arrest"). Id.
After about a year, the criminal charges stemming from the First
Arrest were dismissed. Id.

The second incident occurred on July 25, 2011, where
Plaintiff was arrested by two plainclothes police officers as he
was leaving Queens County Court, where he appeared in an

unrelated matter (referred to hereinafter as the "Second Arrest" and collectively with the First Arrest, the "Arrests"). Id. ¶ 10. The officers informed Plaintiff that his arrest was made in connection with a complaint made by an N.Y.P.D. traffic agent, who accused three individuals of assaulting him or her at 5:30 A.M. on July 22, 2011. Id. However, Guerrero states that he informed the officers during the Second Arrest that he was in the hospital at the time of the alleged assault. Id. The criminal charges against Guerrero stemming from the Second Arrest were eventually dismissed. Id.

The SAC alleges that the City's customs, usages, patterns and policies violated Plaintiff's rights in violation of 42 U.S.C. § 1983 and Monell, the Arrests were false arrests and violated Plaintiff's constitutional rights, Plaintiff suffered from malicious prosecution and Plaintiff suffered from excessive force during the Arrests.

The instant motion was marked fully submitted on July 24, 2013.

The Rule 12(b)(6) Standard

3

On a motion to dismiss pursuant to Federal Rules of Civil Procedure 12, all factual allegations in the Complaint are accepted as true, Krijn v. Pogue Simon Real Estate Co., 896 F.2d 687, 688 (2d Cir. 1990), and all inferences are drawn in favor of the pleader. Amidax Trading Group v. S.W.I.F.T. SCRL, 671 F.3d 140, 145 (2d Cir. 2011). The issue "is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." G-I Holdings, Inc. v. Baron & Budd, 238 F. Supp. 2d 521, 534 (S.D.N.Y. 2002) (quoting Villager Pond, Inc. v. Town of Darien, 56 F.3d 375, 378 (2d Cir. 1995)).

A complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief. Id. (citations and quotations omitted). Plaintiffs must allege sufficient facts to "nudge[] their claims across the line from conceivable to plausible." Twombly, 550

4

U.S. at 570. Though the court must accept the factual allegations of a complaint as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

The Supreme Court in Iqbal set forth a "two-pronged" approach for analyzing a motion to dismiss. Id. at 679-80. First, a court should "indentify[] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679. Once the court has stripped away the conclusory allegations, it must determine whether the complaint's "well-pleaded factual allegations . . . plausibly give rise to an entitlement to relief." Id. In making its evaluation, a court must undertake a "context-specific task" that requires it to draw on its judicial experience and common sense. Id. Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint must be dismissed. Id. at 678-79 ("[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss").

The Monell Claim Is Dismissed

5

The Plaintiff has conceded that he has failed to plead a Monell claim against the City or any state law claims that would change the determination set forth in the February 21 Opinion. Plaintiff's Memorandum of Law in Opposition (hereinafter "Opp.") at 4. Accordingly all claims against the City of New York are dismissed. Nagle v. Marron, 663 F.3d 100, 116 (2d Cir. 2011) (finding that a municipality can be held liable under § 1983 only in the manner set forth in Monell and its progeny).

The False Arrest Claims Are Dismissed

The Plaintiff contends, as he did in his opposition to the motion to dismiss the FAC, the Court must infer from the pleadings that constitutional violations occurred in the Arrests. Opp. at 5-6. However, Plaintiff has not pled facts that "permit the court to infer more than the mere possibility of misconduct," Iqbal, 556 U.S. at 679, and as such has failed to plausibly plead false arrest. The false arrest claims are dismissed for the same reasons set forth in the February 21 Opinion.

With respect to the Second Arrest, Plaintiff has not pled additional facts in the SAC but instead omitted allegations

6

relating to the complaining victim. In the FAC, Guerrero alleged that he was arrested based on the accusations of the traffic agent who was purportedly the victim of an assault.   FAC ¶ 11. Plaintiff now argues that the arrest was false, contending that just "because the City says that a traffic officer identified Plaintiff, without more, cannot be accepted as true." Opp. at 6.

On a motion to dismiss, Plaintiff is entitled to the presumption of truth with regard to well-pled facts and to reasonable inferences in his favor. See, e.g., Schoolcraft v. City of New York, 10 Civ. 6005, 2012 WL 3960118, at *4 (S.D.N.Y. Sept. 10, 2012). In making such inferences, the Court may rely "on its judicial experience and common sense." Iqbal, 556 U.S. at 679. It is not reasonable to infer, from the allegations in the FAC and SAC, that Plaintiff was arrested for some reason other than the traffic agent's complaint. As clearly dictated by the Supreme Court, "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" Id. Even assuming the truth of Plaintiff's allegations and drawing reasonable inferences in his favor, Plaintiff has alleged no more than the sheer possibility of misconduct. As such, Plaintiff has failed to plead a plausible false arrest claim.

7

Plaintiff's false arrest claim arising out of the
First Arrest is no different. In the SAC, Plaintiff alleged that
Plaintiff became involved in an altercation with individuals,
the individuals threatened to call the police and the police
were ultimately called. SAC ¶ 8. Again, "[a] claim has facial
plausibility"-and survives a motion to dismiss-"when the
plaintiff pleads factual content that allows the court to draw
the reasonable inference that the defendant is liable for the
misconduct alleged." Iqbal, 556 U.S. at 678. Plaintiff has
alleged that, despite his innocence, he was arrested when the
police were called to a nightclub as a result of an altercation
by either the other party in the altercation or a third party.
SAC ¶ 8. But these allegations are not sufficient to draw the
"reasonable inference" that the First Arrest amounted to a
constitutional violation.

The Plaintiff also contended that the arresting
officers had a duty to investigate further into the altercation
before arresting him. Opp. at 6. In this Circuit, an officer in
possession of credible information sufficient to effect an
arrest is under no obligation to conduct further investigation.
See, e.g., Curley v. Vill. of Suffern, 268 F.3d 65, 70 (2d Cir.
2001)("[O]nce a police officer has a reasonable basis for

8

believing there is probable cause, he is not required to explore and eliminate every theoretically plausible claim of innocence before making an arrest."); Krause v. Bennett, 887 F.2d 362, 372 (2d Cir. 1989) ("Once officers possess facts sufficient to establish probable cause, they are neither required nor allowed to sit as prosecutor, judge or jury. Their function is to apprehend those suspected of wrongdoing, and not to finally determine guilt through a weighing of the evidence."); Eisenberg v. District Attorney of County of King, 93 Civ. 1647 (ILG), 1996 WL 406542, at *4 (E.D.N.Y. July 16, 1996) ("There is no requirement that the arresting officer embark upon a collateral investigation into the credibility of the complainant. Such a requirement would place an unwarranted burden upon those charged with the responsibility to enforce the law. It is the function of the fact finder, not the arresting officer, to decide whether the complainant's story is credible."). Police officers have "no duty to investigate an exculpatory statement of the accused, and their refusal to do so does not defeat probable cause." Mistretta v. Prokesch, 5 F. Supp. 2d 128, 135 (E.D.N.Y. 1998). Indeed, "[t]o hold otherwise would allow suspects to avoid arrest simply by denying guilt." Id.; see also Alvarado v. City of New York, 453 Fed. Appx. 56, 58 (2d Cir. 2011) ("Once a police officer has a reasonable basis for believing there is a probable cause, he is not required to explore and eliminate

every theoretically plausible claim of innocence before making
an arrest."); Wilson v. McMullen, 07 Civ. 948 (SLT), 2010 WL
1268055, at *3 (E.D.N.Y. March 30, 2010) ("[A] police officer is
not required to explore and eliminate every theoretically
plausible claim of innocence before making an arrest."); Mazza
v. City of New York, 98 Civ. 2343 (ILG), 1999 WL 1289623, at*5
(E.D.N.Y. July 13, 1999) (requiring police officers to
investigate exculpatory statements of the accused before making
an arrest "would be to allow every suspect, guilty or innocent,
to avoid arrest simply by claiming 'it wasn't me'") (quoting
Criss v. City of Kent, 867 F .2d 259, 263 (6th Cir. 1988) and
Dukes v. City of New York, 879 F. Supp. 335, 343 (S.D.N.Y.
1995)).

The Plaintiff contends that his additional allegations
in the SAC, that he made exculpatory statements to the arresting
officers in both Arrests, nudge his claims from possible to
plausible.

In Puckowitz v. City of New York, 09 Civ. 6035 (PGG),
2010 WL 3632692 (S.D.N.Y. Sept. 16, 2010), a cab driver informed
the police that the plaintiff had not paid his cab fare. The
police, acting on the cab driver's complaint, arrested the
plaintiff despite his assertion that he had paid the fare and

10

despite his request that the officers verify his story with his credit card company. Although the Plaintiff was later able to obtain a confirmation code for the credit card payment, presumably confirming his version of events, the Court dismissed the plaintiff's false arrest claims on the pleadings, stating that "the officers had probable cause to arrest the plaintiff on the basis of [the cab driver's] complaint. They were not obligated to investigate the plaintiff's claims of innocence, nor pursue his suggestions of investigating the charge." Id. at *3.

Plaintiff's new allegations regarding his false arrest claims are no different than those in Puckowitz. With regard to the Second Arrest, Plaintiff now alleges that he informed the arresting officers that he had an alibi for the crime and that he could furnish proof. SAC ¶ 10. Assuming the truth of Plaintiff's new allegation, the officers were under no obligation to credit or investigate Plaintiff's claims. Plaintiff's additional allegation with regard to the First Arrest, that "[t]he police made no effort to determine whether Plaintiff was telling the truth, despite the fact that they had reason to doubt the individuals' story," SAC at ¶ 8, is immaterial for the same reason: The arresting officers' alleged failure to credit Plaintiff's exculpatory statements does not

11

affect the probable cause determination. Mistretta, 5 F. Supp. 2d at 135 ("[Arresting officers] have no duty to investigate an exculpatory statement of the accused, and their refusal to do so does not defeat probable cause."). Moreover, the Plaintiff's allegations with regard to both Arrests, that the officers "had reason to doubt" the complaining victims or witnesses' stories, are conclusory and unsupported by any facts. Aside from Plaintiff's allegation that he made exculpatory statements, which does not affect the probable cause determination, there are no allegations of fact showing that the arresting officers should have doubted the complaining victims or witnesses in either Arrest. Iqbal, 556 U.S. at 679 ("[A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth."). Accordingly, the Court's previous analysis holds, and Plaintiff's false arrest claims must be dismissed in accordance with the Court's February 21 Order.

The Malicious Prosecution Claim Is Dismissed

        In Paragraph 12 of the SAC, Plaintiff alleges that he was "unlawfully detained, searched, maliciously prosecuted, and subjected to excessive force." SAC ¶ 12. However, Plaintiff does

12

not allege that he was ever searched by a law enforcement
officer. To the extent that Plaintiff is asserting a claim of
malicious prosecution, it must fail for the reasons set forth
above. See, e.g., Husbands ex rel. Forde v. City of New York,
335 Fed. Appx. 124, 128 (2d Cir. 2009) (probable cause to arrest
also bars malicious prosecution claim); cf. Dukes v. City of New
York, 879 F. Supp. 335, 342 (S.D.N.Y. 1995) ("[P]robable cause
supporting an arrest defeats a malicious prosecution claim
unless plaintiff can demonstrate that at some point subsequent
to the arrest, additional facts came to light that negated
probable cause."). Moreover, with regard to the Second Arrest,
Plaintiff appears to allege that the criminal charges were
dismissed at his arraignment. SAC ¶ 10. Accordingly, any
malicious prosecution claim arising out of that arrest would
fail for the additional reason that he does not allege Fourth
Amendment deprivation pursuant to legal process. Gordon v. City
of New York, 10 Civ. 5148 (CBA)(LB), 2012 WL 1068023, at *7
(E.D.N.Y. March 29, 2012) ("[W]here the plaintiff's claim arises
out of a warrantless arrest, he cannot bring a malicious
prosecution claim based only on pre-arraignment events, since
there have been no actions taken pursuant to judicial
process.").


The Excessive Force Claim Is Dismissed

13

Plaintiff's additional allegation that his tight
handcuffs caused "swelling and contusions," fails to state a
claim for excessive force. Not every push or shove amounts to a
Fourth Amendment violation. Indeed, a de minimus use of force
will rarely suffice to state a Constitutional claim. Wims v. New
York City Police Dep't, 10 Civ. 6128(PKC), 2011 WL 2946369, at
*4-5 (S.D.N.Y. July 20, 2011) (dismissing claim were plaintiff
alleged that he was pulled out of his car and thrown face down
on the ground because it did not result in any specific or
identifiable injury).

Arrests frequently involve the application of
handcuffs which, in order to be effective, must be "tight enough
to prevent an arrestee's hands from slipping out." Grant v. City
of New York, 500 F. Supp.2d 211, 217 (S.D.N.Y. 2007). A claim of
excessive force is not established by allegations that overly
tight handcuffs caused minor, temporary injuries. Wim, 2011 WL
2946369 at *5 ("Merely placing tight handcuffs on a suspect is
not enough for an excessive force claim."); Wilder v. Village of
Amityville, 288 F. Supp.2d 341, 344 (E.D.N.Y. 2003) (allegation
of tight handcuffs resulting in twenty-four hours of wrist
inflammation and soreness does not rise to the level of
excessive force); Hamilton v. Broomfield, 95 Civ. 3241 (MBM),

14

1998 WL 17697, at *2 (S.D.N.Y. Jan. 20, 1998) (allegation of
tight handcuffs resulting in pain does not rise to the level of
a constitutional violation); Remy v. Beneri, 09 Civ. 4444 (SJF)
(AKT), 2011 WL 5546237, at *4, n.4 (E.D.N.Y. Nov. 9, 2011)
(holding allegation of handcuffs "so tight it caused [plaintiff]
heavy swelling in both wrists" insufficient to state a claim of
excessive force). The allegation that the application of
handcuffs during Plaintiff's First Arrest caused "swelling and
contusions" does not go beyond the sort of minor, temporary
injuries held to be insufficient to establish a claim of
excessive force in the above-cited cases.

       Accordingly, Plaintiff has again failed state a
plausible claim of excessive force, and the claim must be
dismissed. Guerrero, 2013 WL 673872, at *4-5.


Conclusion

       The motion of the City is granted, and the SAC is
dismissed with prejudice.

       Enter judgment on notice.


15

It is so ordered.

**New York, NY**
**November   4  , 2013**

ROBERT W. SWEET